# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LORA L. LISKOWITZ,**

        **Plaintiff,**

        v.                              Case No. 06-C-1229

**MICHAEL J. ASTRUE,**
**Commissioner or Social Security,**

        **Defendant.**

## DECISION AND ORDER

The plaintiff, Lora Liskowitz ("Lislowitz"), requests judicial review of the Commissioner of Social Security's final determination denying her application for supplemental security income ("SSI") under the Social Security Act. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Liskowitz had the residual functional capacity ("RFC") to perform a significant number of jobs in the national economy. Accordingly, the ALJ found that Liskowitz was not disabled under the Act.[1]

The Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be

---

[1] Earlier in this case, the Court remanded because the ALJ did not ask the vocational expert if any possible conflict existed between her testimony and that provided in the *Dictionary of Occupational Titles* ("*DOT*"). On remand, the ALJ made such an inquiry and found that her testimony was consistent with the *DOT*. (R. 222.)

-1-

conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision is not supported by substantial evidence or is based on legal error. *See Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

At the time of the ALJ's decision, Liskowitz was 40 years old. She alleges disability due to congenital left hip dysplasia, knee pain, arthritis, discogenic disc disease, asthma, possible irritable bowel syndrome, and depression. (R. 222.) Liskowitz completed her high school education and her past work experience includes that of a factory worker and an office clerk. (R. 63; 70-71.)

Liskowitz argues that the ALJ erred in four respects. First, she claims that the vocational expert's testimony did not constitute substantial evidence to support the ALJ's finding because the ALJ did not determine the reliability of the testimony. When a claimant challenges a vocational expert's conclusions, like Liskowitz did here, "then the ALJ should make an inquiry . . . to find out whether the purported expert's conclusions are reliable." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). That is precisely what the ALJ did at the hearing. Immediately after Liskowitz's counsel questioned the vocational expert, the ALJ asked:

> Q: Ms. Hoynik, the source you were using today and that formed the basis for your opinion, are those widely recognized as acceptable sources in the

-2-

>     vocational rehabilitation area?
>     A:    Yes. They are published through the U.S. Department of Labor Bureau
>     of Labor Statistics and the Wisconsin Northwest Development.
>     Q:    Okay. And was your testimony today also based on the – your
>     experience and based on the Dictionary of Occupational Titles?
>     A:    Yes, it was.
>
> (R. 268.)

The ALJ properly determined that the vocational expert's conclusions were reliable by discovering that those conclusions were based on publications of which the Social Security Administration takes administrative notice. *See* 20 C.F.R. § 404.1566.[2]

Next, Liskowitz argues that the ALJ erred by failing to give appropriate weight to the opinion of Dr. Bretza. However, as the ALJ indicated, Dr. Bretza first saw Liskowitz in March 2003, after her eligibility for disability insurance benefits expired in December 2002. While an ALJ may consider a retrospective medical opinion, he may only do so when that medical opinion is supported by evidence contemporaneous with the eligible period. *See Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) ("A retrospective diagnosis may be considered only if it is corroborated by evidence contemporaneous with the eligible period."). The ALJ explained that such contemporaneous evidence was absent here:

> There is no basis for relating back the findings from 2003 to the period from
> the alleged onset date in 1998 to December 2002, the date last insured. Dr.

---

[2] Liskowitz also contends that the vocational expert's claim that she has no way of knowing whether the jobs available in the national economy are part-time or full-time jobs precludes a finding that a substantial amount of jobs are available for Liskowitz to perform. There is simply no authority that requires that the jobs available in the national economy must be full-time jobs. Liskowitz only cites to Ruling 96-8p, but that is inapposite because it addresses questions related to the claimant's RFC, not the type of jobs that must be available in the national economy.

-3-

> Bretz[a]'s assessment conflicts with the claimant's lack of treatment for a condition which could be rheumatoid arthritis in the year 2002. It also conflicts with the claimant's infrequent treatment for hip dysplasia during the period from 1998 to 2002. It is noted that Dr. Bretza found in March 2003 that the claimant had a full range of motion in all joints with no synovitis.

(R. 220.)

The ALJ's opinion is supported by substantial evidence. When Liskowitz visited the state agency consultative examiner in March 2000, she stated that she was not currently seeing a physician and her only medications were for prenatal vitamins. (R. 111-112.) In addition, Dr. Faure and Dr. Roffers saw Liskowitz a few times from April 2000 to January 2001, and their records indicate only mild findings and conservative treatment. (R. 121-123; 151-155.) In 2001, physical therapy improved her knee pain, and in 2002, other than taking some pain medications, her treatment generally was related to her prenatal and postpartum care. (R. 545-91; 607-09; 611-20.) Accordingly, the ALJ's explanation for discounting Dr. Bretza's retrospective medical opinion was reasonable and supported by substantial evidence.

Third, Liskowitz alleges that the ALJ improperly concluded that she did not suffer from depression. The ALJ did not commit reversible error here either. There is simply no evidence of depression before Liskowitz's insured status expired in December 2002. The only reference to depression in the medical record was in October 2003, well after the relevant period. (R. 504.) Indeed, in April 2003 Liskowitz indicated she was not depressed. (R. 525.) Substantial evidence supports the ALJ's conclusion regarding Liskowitz's allegation of depression during the relevant period.

Finally, Liskowitz challenges the ALJ's credibility finding in two respects. First, she claims that the ALJ evaluated her daily activities without proper consideration of the ways in which she was limited in ability to perform them. Second, she alleges that the ALJ improperly failed to resolve conflicts in her testimony and to fairly consider her explanations, in violation of SSR 96-7p.

The ALJ's credibility determination cannot be disturbed unless it is "patently wrong." *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003). Here, the ALJ concluded that Liskowitz's claim that she was severely limited in her ability to care for her three children was not credible. The ALJ noted that Liskowitz's husband worked full time, so she was primarily responsible for taking care of the children and performing household chores. Nevertheless, Liskowitz needed only occasional assistance from her mother despite receiving minimal medical treatment prior to December 2002. Substantial evidence supports the ALJ's conclusion, therefore, that she was not severely limited in performing her duties. The ALJ was not "patently wrong" in making the credibility determination.

As for Liskowitz's contention that this matter ought to be remanded so that the ALJ may address the inconsistency of Liskowitz's testimony, that likewise has no merit. At the hearing, the ALJ asked Liskowitz about her inconsistent testimony. At the pre-remand hearing, Liskowitz did not claim she was bedridden, like she did at the post-remand hearing. Rather, at the pre-remand hearing Liskowitz testified that she could cook, wash dishes, do laundry and housecleaning chores prior to December 2002, but at the post-remand hearing

she said she was not able to perform those tasks. (R. 248-49.) Liskowitz claimed that her testimony was inconsistent because at the pre-remand hearing, she did not have an attorney, she was "kind of afraid" of the ALJ, and that she didn't want to exceed the hour limit the ALJ imposed. (R. 248.) The ALJ explained, though, that she "very clearly read the transcript before this hearing" and that she "did not tell [Liskowitz] you that you had an hour." (R. 248.)

In the ALJ's opinion, though, she did not address the conflicting testimony, which Liskowitz claims is an error necessitating remand. Liskowitz is wrong. The ALJ need not address every piece of evidence. *See Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002). SSR 96-7p only requires that the ALJ articulate specific reasons for her credibility finding to allow a reviewing court to follow his reasoning; the ALJ did so here. The record supports the ALJ's credibility finding.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The ALJ's Decision is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 10th day of January, 2008.

**BY THE COURT**

s/ Rudolph T. Randa_____
**Hon. Rudolph T. Randa**
**Chief Judge**

-7-